Your Honor, certainly something happened the evening that my client got into a fight with his wife, got into a disagreement with his wife, but the evidence here was insufficient to support the Court's finding that what happened constituted a battery. When the Probation Office filed the petition for revocation of the court's findings,  that what happened constituted a battery. They alleged that my client committed a battery domestic violence. Under the Nevada state law, a battery requires a willful and unlawful use of force, and in this case, the record just did not establish that there was a willful and unlawful use of force. Instead, the evidence at most supported a finding that there was an assault, but that's not what my client was charged with. He was charged with a battery. Am I right that the standard is similar to the Jackson v. Virginia standard? It's taking the evidence in the light most favorable to the government, whether a reasonable juror would believe that the government had shown battery by a preponderance. Is that right? Your Honor, in this case, what the court is reviewing is the district court's decision for abuse of discretion. And, yes, the evidence would be viewed in the light most favorable to the government. But even in that light, the evidence just does not support that. There was evidence. There was testimony about a tussle, and the district court said something about she was pinned to the wall. So why wouldn't that be enough to support battery, which is very low standard in that state? Just spitting on someone would be enough. Your Honor, I would submit that that version of events, there's a tussle, is really It's unestablished that that's really what happened. That's a little unclear. That's the Weiss testimony, though. A juror could believe that testimony, right? They could support that testimony. But what the evidence says is that, and she, Mrs. Jones gave three separate statements. And across these three statements, she's told a very consistent story. They were having a marital dispute. They were talking about their marriage, whether he was going to stay in the house during his supervised release. At some point, he left the bedroom where they were talking. He came back into the bedroom, and he had a knife with him. And he didn't go for her. He didn't lunge at her with the knife. He didn't verbally threaten her with the knife. He didn't say, I'm going to kill you. Instead, what happened is she automatically reached up and grabbed the blade. Now, what the what the Counsel, let me just ask this. Why wasn't the reference to Nevada's domestic violence sufficient to give your client notice, sufficient notice of the charges against him? Your Honor, because it is notice, but in this case it was misleading notice, because what's required to prove a battery and what's required to prove what this evidence is more consistent with in assault are two very different things. For a battery, all the government has to prove is that there is an intentional and willful exertion of force against another person. To prove an assault, you have to prove that a person intentionally acted in a way that would put a reasonable person in apprehension of immediate harm. It's a different kind of inquiry. Had we known that this was an assault, we would have prepared our defense quite differently. We would have put on witnesses, like Mr. Jones, to establish what was his intent at the time. The record also indicates that the son witnessed what was going on. We would have called the son. Had we, and even in that case, had we been noticed that it was an assault, we would have probably advised our client differently. We may have advised our client differently. Kennedy, let's assume that's all true. As I understand it, your client concedes that at least he committed an assault, right? I think that, Your Honor, we concede that the evidence that was presented is consistent with an assault, yes. Okay. So take it that way. As I understand it, there is a crime of domestic violence under 33.018 that includes assault, and that that in and of itself would be enough to satisfy the replication of supervised release. Is that incorrect? I submit that's incorrect, Your Honor, because when you look at the domestic violence statute, excuse me one second. Sure. When you – and we referenced this in our opening brief. When you look at the 33.018, I believe it is, it actually outlines not just battery, but about 14 different ways in which you can violate the statute. And probation here chose to specify one of those 14 ways. Did they have to do more? Wasn't that sufficient to specify assault? Again, Your Honor, no, because a battery and an assault are two different animals under the law. I understand that, but they're part of this larger form of domestic violence statute, right? They are two separate offenses contained within the same statute, yes, Your Honor. Admittedly, they're two different offenses, but they are both part of the statute. And I guess what I struggle with here, it seems like when you either take the Hobbs approach, which is that it's an unwanted – battery is an unwanted exertion of force by another, however slight, you take her testimony about being pinned against the wall, or you go over the other way, which shows that the evidence you concede at this point is an assault, and that's one of the crimes that's listed under the crime of domestic violence, that's all you need in this case to revoke supervised release, isn't it? No, Your Honor, because we needed to have the opportunity to properly prepare for the hearing. When you look at the way that we questioned Mrs. Jones and we questioned the probation officer in this case, the questions were focused on establishing that there wasn't a battery, there wasn't, as Nevada law requires, an intentional and unlawful use of force against her. What we were establishing was – What would you have done differently? What we would have done differently, Your Honor, well, first, as I was indicating, it may have affected our ability to advise our client about how to proceed. Perhaps we would have looked at the record if we knew that there was an assault in this case. We would have looked at the record and said, maybe we should go into plea negotiations rather than go into a contested hearing. But more importantly, had we known there was an assault, we would have put Mr. Jones on the stand, because what is important to prove up an assault is what his intent was with the knife. We would have put the sun on. We may have done additional investigation to determine what the physical plant of the apartment was, what the kind of the atmosphere was when the argument was taking place. So it would have radically changed the way that we presented our evidence in this case, Your Honor. If there are no further questions, I'll reserve. It is true that assault is not a lesser included offense under domestic violence. I'm sorry. Could you repeat the question, Your Honor? Did you say it is or it isn't? Is it? No, it's not. Battery and assault are two different crimes under Nevada law, Your Honor. It's very clear under the law here, as differentiated from other States, that assault is not a lesser included offense. That is correct, Your Honor, because there's an intentional use of force requirement. All right. Thank you. Thank you. Good morning. Good morning, Your Honor. May I just ask, before you start, do you agree that assault is not a lesser included offense under Nevada law? Yes, I do, the way the Nevada legislature has set it out. I agree with Your Honor's characterization. All right. Thank you. Peter Levitt for the United States. In this case, the petition charged, the revocation petition charged battery domestic violence. The evidence proved battery, and the district court found battery by a preponderance of the evidence. The notice was, therefore, constitutionally adequate, and the supervised release violation should, therefore, be upheld. In this case, Your Honor, the evidence showed not that the victim's wife gave three consistent statements, but rather when the defendant, her husband, was not staring at her on the stand, she reported first to the probation officer, and then a few days later to the Nevada, to the Las Vegas Metropolitan Police, that he pulled a knife from behind his back, and a struggle ensued. He reached back and pulled a knife from his back pocket, and I said, no, please don't do that. Please don't kill me. I then grabbed the blade of the knife with my right hand and tried to remove it. We're now up against my closed bathroom door. Now, it's only when this witness gets to the revocation hearing and has to look at the attacker in the eye that she soft-pedals everything, that she says, I was just a quarrel. We've had these issues before. The past made me, on this particular evening, have a fear that looking back on it wasn't entirely warranted, but the evidence, the statements she gave to the probation officer and to the Las Vegas Metropolitan Police Department, more temporally proximate than her newly minted trial testimony, showed that he battered her. We have, therefore, sufficient evidence to establish by the preponderance of the evidence standard that a new crime violation, battery, domestic violence, as set forth in the petition, indeed occurred. Well, he didn't touch her, did he? So if the evidence doesn't prove a battery, but in your opinion proves an assault, why shouldn't we remand on the issue of whether or not there was an assault? Because, Your Honor, I believe remand is unwarranted because I would respectfully submit that a battery was proven. If the knife wounds on the victim's hands did not constitute a battery, and I submit they did, the pushing against the door certainly does. All right. Well, she reached out and grabbed the knife. He did not touch her with the knife. She reached out, and certainly something bad happened. The question is, what was it? And what do you do with opposing counsel's argument that she would have prepared differently if the charge was assault? I would respectfully submit that I would disagree with opposing counsel's characterization. I would note that in the opening brief on page 14, in light of the fact that the petition said battery domestic violence, page 14 says, we came, quote, "...came to the revocation hearing to prepare against evidence that he willfully and unlawfully used force or violence against the person of another. They came prepared for the precise charge set forth in the revocation petition." There was no problem with notice here. There was no constitutional infirmity here. So are you saying that the testimony – I was struck by the testimony, a tussle ensued, that's the wife's testimony, and then the probation officer said something like she was pinned against the wall. Is that, even without her knife hand wounds, would those two things be enough for a battery under that law? Certainly, Your Honor. If there was no knife and he's waiting in her bedroom after she gets home from a long shift at work and they get into a fight and he pins her against the wall, that's a battery, but there was a knife. And you said the standard is preponderance of the evidence. Is that correct? To establish the supervised release revocation. Right, right. Exactly. Yes. Okay. Is it true also that a sentence for assault likely would be shorter than a sentence for battery? I don't know if that's the case, Your Honor. I don't know enough about the Nevada State precedent to answer your question. Through the mists of time, I remember from court's glass that the assault is less. But that is not what happened here. The notice was constitutionally adequate and the evidence abundantly supported the charge set forth in the revocation petition. And for these reasons, I would respectfully ask that this Court affirm the district court's revocation of supervised release. Let me ask one more question, if I may. If we find, and I know you disagree, that the charging document did not satisfy due process, why should we conclude that the error was harmless? I would submit that the error was harmless. In that hypothetical situation, I would conclude that or I would urge the Court to conclude that it was harmless because in the opening brief on page 14, the defendant says, I came prepared to defend against a battery. If the revocation petition had said something like domestic violence, unlawful entry, and then we sprung battery evidence on them at trial, then we would have a different case, a case much more closely aligned with Your Honor's hypothetical situation. But that's not what we have here. The revocation petition says battery, the evidence shows battery, and the district court found battery. But my problem is you've already conceded that assault is not a lesser-included offense in this case. So if you look at blue brief page 14, they came prepared to defend against battery. There's no mention of assault, is there? No, there is not, Your Honor. All right. So if the evidence only showed assault, I think what Judge Nelson is getting at, if the evidence only showed assault, there was no evidence of a touching of any sort, then what would we do? Then, Your Honor, would hold that even viewing the evidence in the light most favorably to the government, the district court blew it. It's not enough to show the charge of defense, a battery. But that, again, is not what happened here. Okay. Thank you. Thank you. Very well. Thank you. We have a little time for rebuttal. Thank you, Your Honor. Just a couple of quick points. Really what I'd like to focus on is the government's contention that somehow Mrs. Jones' statements changed from the time when she spoke to probation to the time when she had to come into court and testify against Mr. Jones. Well, it was admissible evidence, was it not? Your Honor, it was admissible evidence because the rules of evidence don't apply in a revocation hearing. All of these statements come in. The reality is the trier of fact was entitled to consider what was said. I'm sorry, Your Honor? The trier of fact in this case was entitled to consider what she said. Yes. And we don't contend that. I'm not contesting that in this appeal. What I'm contesting is the government's characterization that somehow along the line she is she, when Mrs. Jones got into court, that she started minimizing what happened. If you look at what she said to probation, and page 32 of the record is the statement about what probation says they were told by Mrs. Jones the day after this happened, she said there was a dispute about issues within the marriage. Mr. Jones left the room, came back in and shut the door, Mr. Jones produced the knife, and then she automatically grabbed the knife. That statement, which is a pretty fresh statement, it happened the night, you know, the day after this happened, is consistent with what she ended up saying, like in her The court read into the record at pages 109 through 110 of the record, and what she said in her voluntary written statement to the police was that Mr. Jones left the bedroom and came back, closed the door, he produced the knife. I said, please don't do that, don't kill me. I then stood up and grabbed the blade of the knife with my right hand and left hand. So and this is what she testified to in the hearing itself. Again, this is consistent not with a battery. This is consistent with at most an assault. And for those reasons, the district court committed. Well, you say at most an assault. You're discounting this pinning against the wall concept, right? Your Honor, I think that the record, what it sounds like to me, and I'm reading into the record because I was not at the hearing, is that he was forced up against the door because he came into the room and closed the door. She stood up from the bed, grabbed the knife, and pulled the knife out of the wall. Well, that's one way to read it. That is one way to read it, Your Honor, yes. And you're a good lawyer and I understand why you're reading it that way. But the reality is what we're looking at here is whether the trier of fact could conclude that based upon the testimony, a battery occurred and not just an assault, right? Yes, Your Honor. And I would submit, I see I'm over time, so I'll just wrap up. I would submit he committed error, Your Honor. Okay. Thank you. Thank you very much. Thank you both for your argument. The case just argued is submitted.
judges: Nelson, Smith, Ikuta